UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2019 MAY 14  3: 30

U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Action No. 3:19-cv-30024-MGM *SEALED*

███████████, an individual,
Plaintiff,

v.

Atty. Poli A. Marmolejos, in his official capacity as the director of the
United States Department of Energy Office of Hearings and Appeals,
Defendant.

Dated March 25, 2019

## AMENDMENT TO INITIAL COMPLAINT FOR JUDICIAL REVIEW
## FILED ON FEBRUARY 22, 2019

The present document is organized as described in the Table of Contents on page 2. References are made to applicable exhibits, appended hereto and of which a detailed list is furnished on page 3.

*Amendment to Initial Complaint for Judicial Review* ▮▮▮▮▮▮▮▮▮ *v. Atty. Poli A. Marmolejos_032519*

## Table of Contents

List of Exhibits ............................................................................................................................... 3

Affidavit and Nature of the Allegations ..................................................................................... 4

Procedural History ........................................................................................................................ 5

Exhaustion of Administrative Remedies and Jurisdiction/Venue ............................................ 8

Parties to the Action ..................................................................................................................... 9

    *Plaintiff* ........................................................................................................................................ 9

    *Defendant* .................................................................................................................................... 9

Facts/Allegations Commons to All Counts/Causes of Action ................................................. 10

Prayer for Relief .......................................................................................................................... 13

Certification ................................................................................................................................. 14

Service .......................................................................................................................................... 15

Case 3:19-cv-30024-MGM   Document 39   Filed 05/15/19   Page 3 of 15

*Amendment to Initial Complaint for Judicial Review*␣␣␣␣␣␣ *v. Atty. Poli A. Marmolejos_032519*

## List of Exhibits

Exhibit "01", Copy of the denial decision dated January 9, 2019 referred to as ▮ .......................................5
Exhibit "02", Copy of email conversation with Atty. Harmonick from January 11, 2019 ............................................5
Exhibit "03", Copy of the ▮ Acknowledgement Letter emailed to Plaintiff by Atty. Harmonick on January 11, 2019 ..................................................................................................................................................5
Exhibit "04", Copy of Atty. Harmonick's January 15, 2019 memorandum with editions in bold made by Plaintiff on January 16, 2019 .............................................................................................................................................5
Exhibit "05", Copy of the four excerpts of email conversations provided by Plaintiff to support the January 16, 2019 edited version of Atty. Harmonick's January 15, 2019 memorandum ...................................................................5
Exhibit "06", Copy of the denial decision dated January 18, 2019 referred to as ▮ ..................................5
Exhibit "07", Copy of the legal memorandum accompanying the denial decision dated January 18, 2019 referred to as ▮ ............................................................................................................................................................5
Exhibit "08", Copy of Plaintiff's January 30, 2019 application for modification or rescission of the denial ▮ of ▮ request for redaction of ▮ personal information from the decision ▮ ...............................5
Exhibit "09", Copy of the denial decision dated February 1, 2019 referred to as ▮ ...................................5
Exhibit "10", Copy of the legal memorandum in support of the denial decision dated February 1, 2019 referred to as ▮ ............................................................................................................................................................5
Exhibit "11", Copy of the email conversation with Atty. Harmonick from February 1, 2019 .......................................6
Exhibit "12", Copy of the attachment to the email sent to Atty. Harmonick on February 22, 2019 ..............................7
Exhibit "13", Copy of the status report emailed by Plaintiff to Atty. Harmonick on March 4, 2019 ............................7

Case 3:19-cv-30024-MGM   Document 39   Filed 05/15/19   Page 4 of 15

*Amendment to Initial Complaint for Judicial Review* ▮▮▮▮▮▮ *v. Atty. Poli A. Marmolejos_032519*

### Affidavit and Nature of the Allegations

1. Plaintiff is represented pro se and avers, under the pains and penalties of perjury, that the statements herein are true.

2. This is an amendment to the initial complaint filed on February 22, 2019 under 5 U.S.C §552(a)(4)(B) for judicial review of the denial by the director of the United States Department of Energy Office of Hearings and Appeals ("U.S. DOE OHA"), Atty. Poli A. Marmolejos, of Plaintiff's request for redaction of ▮▮ personal information in the decision ▮▮▮▮▮▮ (and derivatively in the decision ▮▮▮▮▮▮).

Case 3:19-cv-30024-MGM Document 39 Filed 05/15/19 Page 5 of 15

*Amendment to Initial Complaint for Judicial Review* ▮ *v. Atty. Poli A. Marmolejos_032519*

**Procedural History**

1. On January 9, 2019, Plaintiff was notified, in a decision referred to as ▮ (Exhibit "01"), of the denial by the director of the U.S. DOE OHA—Atty. Poli A. Marmolejos—of ▮ administrative appeal from the initial determination of the U.S. DOE Advanced Research Projects Agency-Energy ("ARPA-E") on the FOIA request ▮ that ▮ had ▮ Moments later, Plaintiff requested on the phone to Atty. Kristin L. Martin the impoundment of the records related to ▮ administrative appeal and the memorandum of law in support that ▮ had submitted on December 28, 2018.

2. On January 11, 2019, an attorney-examiner of the U.S. DOE OHA, Phillip Harmonick, contacted Plaintiff to both acknowledge receipt of ▮ motion, which he construed as a request for redaction of personal information, and ask for supporting arguments (Exhibit "02" and Exhibit "03").

3. On January 16, 2019, Plaintiff edited the memorandum written by Atty. Harmonick regarding a phone conversation held on January 15, 2019 during which ▮ shared the reasons justifying ▮ request for redaction of ▮ personal information; and she provided four excerpts of email conversations as corroborative documents (Exhibit "02", Exhibit "04", and Exhibit "05").

4. On January 18, 2019, Plaintiff was informed, via a notice referred to as ▮, that ▮ redaction request had been denied by Atty. Marmolejos (Exhibit "06" and Exhibit "07").

5. On January 30, 2019, Plaintiff filed at the U.S. DOE OHA an application for modification or rescission of the denial ▮ of ▮ request for redaction of ▮ personal information from the decision ▮ (Exhibit "08").

6. On February 1, 2019, Atty. Marmolejos denied the aforementioned application in a decision referred to as ▮ (Exhibit "09" and Exhibit "10").

7. Pursuant to 5 U.S.C. § 552(a)(4)(B), Appellant has the right to request judicial review of the above-mentioned denial.

*Amendment to Initial Complaint for Judicial Review ▬▬▬▬ v. Atty. Poli A. Marmolejos_032519*

8. On February 1, 2019, Appellant requested a stay of the publication on the U.S. DOE OHA's website of the decisions ▬▬▬ and ▬▬▬ (Exhibit "11").

9. On February 4, 2019, Atty. Harmonick answered (Exhibit "11"): "The Office of Hearings and Appeals will defer publication of the decisions through February 22, 2019."

10. On February 5, 2019, Appellant requested that the stay of this publication encompass all the time normally allowed to file a judicial review petition under 5 U.S.C. § 552(a)(4)(B). Appellant did not receive an answer (Exhibit "11").

11. As a result, on February 18, 2019, Appellant submitted a new request for time extension of the stay of this publication (Exhibit "11").

12. After three days, on February 21, 2019, Atty. Harmonick finally answered (Exhibit "11"): "The Office of Hearings and Appeal's delay in publishing the decision through February 22nd was intended to provide you with adequate time to file the petition you mentioned in your e-mail of February 1st; in our experience, three weeks would have been sufficient time to obtain preliminary injunctive relief if warranted. Unless served with an order from a court of competent jurisdiction to do otherwise, the Office of Hearings and Appeals will publish the decision as per my prior e-mail."

13. On February 22, 2019, Plaintiff felt ▬ had no choice than to file, and did file, an initial (to be amended later) complaint under 5 U.S.C §552(a)(4)(B) for judicial review of the denial by Atty. Marmolejos, of ▬ request for redaction of ▬ personal information in the decision ▬▬▬ (and derivatively in the decision ▬▬▬). Simultaneously Plaintiff was obliged to request a preliminary injunction to enjoin the U.S. DOE OHA from publishing on its website non-redacted versions of the decisions ▬▬▬ and ▬▬▬ ▬▬▬ until this Court has rendered a determination on the merits of the aforementioned complaint for judicial review. And Plaintiff filed a motion for impoundment of this case, in accordance with the subject matter that brought this federal court case: a request for redaction of ▬ personal information, i.e., ▬ name from the two decisions U.S. DOE OHA decisions ▬▬▬ and ▬▬▬.

*Procedural History*

Case 3:19-cv-30024-MGM Document 39 Filed 05/15/19 Page 7 of 15

*Amendment to Initial Complaint for Judicial Review* ▇▇▇▇▇ *v. Atty. Poli A. Marmolejos_032519*

14. On that same day, Plaintiff informed Atty. Harmonick that ▇ had just filed a complaint for judicial review of the decision ▇▇▇▇ with a request for preliminary injunctive relief (Exhibit "11") and ▇ shared a copy of the first page of this filing (Exhibit "12").

15. On March 4, 2019, Plaintiff emailed to Atty. Harmonick a courtesy status report for the case # 3:19-cv-30024-MGM *SEALED* (Exhibit "13").

Case 3:19-cv-30024-MGM   Document 39   Filed 05/15/19   Page 8 of 15

*Amendment to Initial Complaint for Judicial Review ▓▓▓▓▓▓ v. Atty. Poli A. Marmolejos_032519*

## Exhaustion of Administrative Remedies and Jurisdiction/Venue

16. Plaintiff has exhausted all ▇ administrative remedies and, based on 5 U.S.C. §552(a)(4)(B), a judicial review petition is the next avenue for redress.

17. The basis for jurisdiction hinges on the fact that the Defendant is a U.S. Government representative. Moreover, the question at issue involves the specific federal statutes of the Freedom of Information Act.

Case 3:19-cv-30024-MGM Document 39 Filed 05/15/19 Page 9 of 15

*Amendment to Initial Complaint for Judicial Review ▉▉▉▉ v. Atty. Poli A. Marmolejos_032519*

## Parties to the Action

### Plaintiff

18. A motion for impoundment of this case, filed on February 22, 2019, was taken under advisement by this Court.

### Defendant

19. Atty. Poli A. Marmolejos is sued in his official capacity as the director of the Office of Hearings and Appeals ("OHA") of the U.S. Department of Energy ("DOE"). The address known for this representative of the U.S. Government is U.S. Department of Energy Office of Hearings and Appeals 1000 Independence Ave., SW Washington, DC, 20585.

Case 3:19-cv-30024-MGM Document 39 Filed 05/15/19 Page 10 of 15

*Amendment to Initial Complaint for Judicial Review* ▅▅▅▅▅ *v. Atty. Poli A. Marmolejos_032519*

### Facts/Allegations Commons to All Counts/Causes of Action

20. In the decision ▅▅▅▅▅, Atty. Marmolejos presents no more than one argument to deny Plaintiff's January 30, 2019 application for modification or rescission. He factorizes the weight of the privacy interests supposed to be protected by Exemption 6 depending on the status of the individuals. If the individual is the target of a FOIA request, any minimal privacy interest will outweigh whatever public interest that is cognizable. However, if the individual invoking Exemption 6 to protect their personal interests is a FOIA requester, Atty. Marmolojes contends that, based on the unique case law *Stauss*, the public interests in knowing the identity of FOIA requesters will always prevail.

21. Plaintiff believes that this argument is not sound, since the case law *Stauss* that referred to the privacy interests of FOIA requesters does not concern the FOIA requesters who are claiming Exemption 6 to avoid immediate and irreparable harm. Incidentally, *Stauss* makes the aforementioned conclusion by stating that FOIA requesters willfully filed their requests. Plaintiff emphasizes, in this regard, that individuals involved in the documents responsive to FOIA requests (e.g., authors/participants in grant applications) also willfully wrote to government.

22. Atty. Marmolejos affirms that the application of Exemption 6 is discriminative according to an individual's membership or not in the category of FOIA requesters by commenting that Plaintiff in ▅▅ application for modification of rescission cited decisions that "[concern] the personal privacy interests of persons who, unlike the Applicant, were not FOIA requesters." Nowhere does the statute 5 U.S.C. § 552(a)(2) make such a distinction.

23. Atty. Marmolojos further defends this argument by stating that Plaintiff in ▅▅ application referred to a case, *Judicial Watch of Florida, Inc v. U.S. Department of Justice,* 102 F.Supp.2d 6 (2000), which supports his conclusion with respect to the significant public interest in disclosure of the names of persons who wrote to government. However, this is not what this case law supports. In *Judicial Watch of Florida, Inc.* the Court clearly indicated that "[a] person who has written a letter to a federal official may have a great privacy interest in the nondisclosure of his name." However, based on the record before it, the Court was unable to conclude that the Department of Justice was entitled to judgment

Case 3:19-cv-30024-MGM   Document 39   Filed 05/15/19   Page 11 of 15

*Amendment to Initial Complaint for Judicial Review* ▮▮▮ *v. Atty. Poli A. Marmolejos_032519*

as a matter of law and for this reason it denied the Department of Justice's request for summary judgment "with respect to the redacted names and 'other identifying information,' not including addresses and phone numbers." In the case at issue, Plaintiff alleges that the records before this Honorable Court make possible a judgment in Plaintiff's favor.

24. Atty. Marmolejos considers that all FOIA requesters' circumstances are identical and no case law to date has addressed the privacy interests of FOIA requesters who like in the case law cited by Plaintiff (in ▮▮ application for modification or rescission) have serious reasons to invoke Exemption 6. Therefore, he concludes pursuant to 10 C.F.R. § 10003.55(b)(2)(ii) that Plaintiff "has not demonstrated a significant change in effect at the time of the [underlying] proceeding ... and which, if such had been made known to the OHA, would have substantially altered the outcome."

25. Plaintiff's response is that the fact that the case law is not replete with cases of FOIA requesters with serious reasons to invoke Exemption 6 should be disregarded by this Honorable Court because the absence of such case law does not mean that Exemption 6 does not apply to specific categories of FOIA requesters (e.g., whistle-blowers, victims of retaliation, etc.).

26. Since, as Plaintiff asserts, the Law has to date not signaled that Exemption 6 by no means cannot apply to FOIA requesters, the case law cited by Plaintiff in ▮▮ application for modification or rescission actually does demonstrate a significant change in circumstances that comports with 10 C.F.R. § 10003.55(b)(2)(ii). Consequently, Plaintiff's application to overturn the denial of ▮▮ request for redaction of ▮▮ personal information in the decisions ▮▮▮▮▮ and ▮▮▮▮▮ before their publication on the U.S. DOE OHA's website should have been granted.

27. Atty. Marmolejos' arbitrary discrimination between FOIA requesters and non-FOIA requesters wrongly encourages and legitimizes the anonymous—unbeknown to the Government—submission of FOIA requests, regardless of one's circumstances, causing one to wonder in which capacity these anonymous names "might well shed light on an agency's performance of its statutory duties, which is the very purpose of the FOIA request."

*Facts/Allegations Common to All Counts/Causes of Action*

11

Case 3:19-cv-30024-MGM   Document 39   Filed 05/15/19   Page 12 of 15

*Amendment to Initial Complaint for Judicial Review* ▬▬▬▬ *v. Atty. Poli A. Marmolejos_032519*

28. Conversely, the approval by a government agency of an individual's request for redaction of personal information when a showing of good cause is made—especially in circumstances when the FOIA requesters were not made aware that any administrative appeal would lead to public disclosure on a website of their efforts to obtain certain records—does shed light on an agency's performance of its duties. Although it is difficult to imagine how the simple disclosure of a FOIA requester's name (which could be a pseudonym) can open the action of government agencies to the public scrutiny, the redaction of FOIA requesters' names on certain decisions fulfils this purpose by showing to the public that government agencies justly consider risks for harassment and other substantial harms to FOIA requesters.

## Prayer for Relief

Wherefore the Plaintiff prays that this Honorable Court will reverse of the denial of the redaction of ▮ personal information in the decision ▮▮▮ (and derivatively in the decision ▮▮▮) ordered on February 1, 2019 by Atty. Marmolejos via the decision ▮▮▮.

Case 3:19-cv-30024-MGM Document 39 Filed 05/15/19 Page 14 of 15

*Amendment to Initial Complaint for Judicial Review* ▮ *v. Atty. Poli A. Marmolejos_032519*

## Certification

Under the Federal Rule of Civil Procedure 11, by signing below, the Plaintiff certifies that this amendment to ▮ February 22, 2019 initial complaint for judicial review: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) this amendment otherwise complies with the requirements of Rule 11.

Case 3:19-cv-30024-MGM   Document 39   Filed 05/15/19   Page 15 of 15

*Amendment to Initial Complaint for Judicial Review ▮ v. Atty. Poli A. Marmolejos_032519*

## Service

The Plaintiff filed, with the present amendment to ▮ February 22, 2019 initial complaint for judicial review, a request for service on the Defendant by the Marshals of the documents ▮ has been submitting in the case 3:19-cv-30024-MGM *SEALED* since February 22, 2019. Plaintiff is aware that this type of service procedure takes a long time. To try to mitigate the potential effects of such a delay, Plaintiff will email on March 25, 2019 a new status report for this case to the Defendant.

Respectfully submitted,
/s/ ▮